IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEWEL TRUCKING, INC.,

                 ORDER

      Plaintiff,

                 10-cv-33-bbc

  v.

FREIGHTLINER LLC,
n/k/a Daimler Trucks North America, LLC,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    This case is scheduled for a court trial on November 15, 2010.  Before the court can rule on the merits of the case, defendant Freightliner LLC, which removed the case from state court, must show that subject matter jurisdiction is present.   Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009) (proponent of jurisdiction has burden of proof).  Although neither party has raised this issue, federal courts have an independent obligation to insure that jurisdiction is present. Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 453 (7th Cir. 2009). Normally, jurisdiction is resolved earlier in the proceedings, but this case has been flying under the radar thus far because neither side has filed any motions since the lawsuit was filed.

1

In its notice of removal, defendant says that jurisdiction is present under 28 U.S.C. § 1332, which requires diversity of citizenship between the parties and an amount in controversy greater than $75,000. Because plaintiff contends that it is entitled to a refund for a truck for which it paid more than $100,000, it seems that the amount in controversy requirement is satisfied.

With respect to diversity of citizenship, defendant says that Wisconsin is plaintiff's state of incorporation and the location of its principal place of business. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (corporation is citizen of its state of incorporation and state in which its principal place of business is located). With respect to its own citizenship, defendant alleges that it "is a Delaware corporation with a principal place of business in Portland, Oregon." Dkt. #1, ¶ 4. This allegation is confusing because defendant is alleging that it is a corporation even though its name is Freightliner *LLC*. If defendant is a limited liability company, its citizenship is determined by the citizenship of its members, not its principal place of business. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); see also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").

2

I will give defendant an opportunity to clarify this issue. If defendant is in fact a corporation, it should submit admissible evidence or a stipulation showing its principal place of business and its state of incorporation. If defendant is a limited liability company, it should submit evidence or a stipulation of the citizenship of each of its members.

ORDER

IT IS ORDERED that defendant Freightliner LLC may have until November 1, 2010, to show that subject matter jurisdiction exists as described in this order. If defendant does not respond by that date, the case will be dismissed for lack of subject matter jurisdiction.

Entered this 26th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge